IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS                                                              PETITIONER

VERSUS                                             CIVIL ACTION NO. 5:09cv183-DCB-MTP

K. EVERETT; L. CHISOLM;
BRUCE PEARSON; ERIC HOLDER;
HARLEY LAPPIN; and BARACK OBAMA                                        RESPONDENTS

MEMORANDUM OPINION

This matter is before the Court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Banks, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on November 5, 2009. Upon review of the petition filed, the Court has reached the following conclusion.

Background

Petitioner states that he was found guilty of mail fraud and money laundering in the United States District Court for the Western District of Pennsylvania on February 28, 2005, and March 10, 2006, respectively. *Pet*. [1] p. 3. The United States Court of Appeals for the Third Circuit affirmed his conviction he received on February 28, 2005, in criminal case number 2:03-cr-245 in the Western District of Pennsylvania. *United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006). His motion to vacate filed pursuant to 28 U.S.C. § 2255 in that criminal case was denied in 2007. *Pet*. [1] p. 2.

According to the U.S. National PACER Service, in the case of *United States v. Banks*, no. 2:04-cr-176 (E.D. Pa. March 14, 2006), the Petitioner's sentence was affirmed by the Third

Circuit in his appeal, *United States v. Banks*, no. 06-1934 (3rd Cir. Nov. 28, 2008), and his certificate of appealability for his motion to vacate filed with the Third Circuit, *United States v. Banks*, no. 09-1621 (3rd Cir. Oct. 9, 2009) was denied by the Third Circuit on October 9, 2009.

Analysis

As an initial matter, this Court finds that the proper party Respondent is the Petitioner's custodian, Bruce Pearson, Warden - FCI Yazoo, where the Petitioner is presently incarcerated. *See* 28 U.S.C. § 2243. Since the Petitioner is housed in a facility where this Court has jurisdiction over his custodian, he may file such a habeas request in this district court.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. Immigration and Naturalization Service*,106 F.3d 680, 683 (5th Cir.1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant civil action, the Petitioner contends that he should be released because the jury instructions used in his criminal trial violated his Fifth Amendment right to due process. The Petitioner supports his argument based on the decision in *Cage v. Louisiana*, 498 U.S. 39, 41 (1990). Clearly, the grounds for habeas relief presented in the instant petition relate to the actual

validity of the Petitioner's conviction and sentence. As such, this Court does not have jurisdiction to address the constitutional issue presented by Petitioner. Therefore, "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).

However, before this Court determines whether to dismiss or construe this petition as a § 2255 motion, this Court must decide if the instant § 2241 petition "may be utilized by [the petitioner] to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).[1] Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The Fifth Circuit in *Reyes-Requena*, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or fist § 2255 motion.

---

[1] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

*Reyes-Requena*, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." *Id.* at 903.

To meet the first prong of the *Reyes-Requena* test, the Petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the Petitioner was convicted of a nonexistent crime. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001). The Petitioner argues that he meets the "savings clause" of 28 U.S.C. § 2255 because of the decision in *Cage v. Louisiana*, 498 U.S. 39 (1990). This argument is without merit. *See Williams v. Cain*, 229 F.3d 468 (5th Cir. 2000)(citing *Muhleisen v. Ieyoub*, 168 F.3d 840 (5th Cir. 1999)(The Fifth Circuit has held that "in order for a 'new rule' to be available under AEDPA . . . , the Supreme Court itself must have held that the rule is retroactive. It has not done so with respect to *Cage* errors"). Moreover, the decision in *Cage* was decided prior to the Petitioner's conviction and was available to him before, during and after his trials.[2]

Furthermore, the violations of the statues for which the Petitioner was found guilty were crimes at the time of his conviction, and they continue to be crimes today. Clearly, the Petitioner

---

[2] In fact, although not the same argument for an improper jury instruction as presented in the instant civil action, this Court finds that the Petitioner's notice of appeal of his conviction, criminal case number 2:03-cr-245, filed in the United States Court of Appeals for the Third Circuit presented numerous errors upon which he argues that relief should have been granted, including his claim that the jury was improperly instructed because "a conviction under 18 U.S.C. § 1512(B)(2)(A) required there be a nexus between the persuasion Banks allegedly directed at Do and a particular proceeding." *United States v. Vampire Nation*, 451 F.3d 189, 204 (3rd Cir. 2006). The Third Circuit was not persuaded by the Petitioner's arguments in his appeal and affirmed his judgment and conviction on July 7, 2006. *Id.*

4

was not convicted of a nonexistent crime. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense."); *see also Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001) (The *Jeffers* Court concluded that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by *Reyes-Requena*). Thus, the Petitioner has failed to meet the requirements of *Reyes-Requena*.

Finally, this Court finds that the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" *Pack*, 218 F.3d at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)(citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)). Therefore, since the Petitioner's claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert Petitioner's claim. Therefore, this petition shall be dismissed without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed with prejudice for this Court's lack of

jurisdiction. *See Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir.1997).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the ____17th____ day of November, 2009.


                                          ___s/ David Bramlette_____
                                          UNITED STATES DISTRICT JUDGE